Orlando VARGAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00529–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 15, 1993.

Karen Zellars, Houston, for appellant.

John B. Holmes, Dist. Atty., Deborah Mantooth, Houston, for appellee.

Before COHEN, O'CONNOR and JAMES F. WARREN,* JJ.

* The third member of this panel on original submission was Honorable James F. Warren, who

## OPINION ON REMAND FROM TEXAS COURT OF CRIMINAL APPEALS

COHEN, Justice.

On original submission, we affirmed appellant's judgment of conviction for delivering less than 28 grams of cocaine and his sentence of 35 years in prison. *Vargas v. State,* 781 S.W.2d 356 (Tex.App.—Houston [1st Dist.] 1989). The Court of Criminal Appeals granted appellant's petition for discretionary review, reversed our judgment, and remanded the cause to us for further consideration of appellant's claims of *Batson* error. 838 S.W.2d 552 (Tex. Crim.App.1992). We now reverse.

The venire consisted of 36 members, six of whom were black. One black served on the jury. The State used peremptory strikes against the other five. Appellant challenges four of those strikes, contending they were based on race. Because we agree that the State struck veniremember Linnie Clark on the basis of race, we need not consider the State's motive for exercising its other peremptory strikes.

Ms. Clark was venire member number 16, was black, and was struck by the State. Explaining his strike of her, the prosecutor stated:

> She's a legal assistant, your honor. And I'm not making a general habit to strike people in the legal community. It's my experience that they have been my toughest. So therefore, I struck; and also she sat also somewhat unattentively.

Neither side asked any questions of Linnie Clark, and she volunteered no information during voir dire. We consider it significant that while the prosecutor claimed those within the legal community were the "toughest" on the State, he chose not to strike white veniremember number three, Catherine Bue, who was also a paralegal. The prosecutor also did not strike veniremember number five, Reed Koury, an attorney, although that seems reasonable because Mr. Koury stated his friend almost died from cocaine and that might make it

has since died.

difficult for him to be an impartial juror. In addition, the prosecutor did not strike an unidentified female veniremember who stated she might favor the State because her husband was an attorney for the Texas Department of Corrections. Under these circumstances, we do not consider the prosecutor's failure to strike Mr. Koury or the unidentified female veniremember as disparate treatment constituting evidence of racial motive. There is nothing other than racial motive in this record, however, to explain the fact that a black paralegal, Ms. Clark, was struck, while a white paralegal seated near the top of the venire, Ms. Bue, was not struck. In reversing our judgment, three judges on the Court of Criminal Appeals reached the same conclusion, stating:

> If occupation were really at the heart of the prosecutor's objections to Clark, then surely he would have struck Bue first. As Bue and Clark had the same offending occupation, the only remaining difference between Clark and Bue is race. Thus the prosecutor's reason for striking Clark was not racially neutral but pretextual to avoid admitting discrimination. Therefore, there is enough evidence in the record to prove the prosecutor exercised at least one of his peremptory challenges in violation of *Batson*.

838 S.W.2d at 560 (citations omitted) (Baird, J., Miller, J., and Overstreet, J., concurring).

Because the record shows disparate treatment of Ms. Clark, a total lack of questioning of Ms. Clark, and a disproportionate use of peremptories to remove almost all blacks from the venire, we conclude that the trial judge's finding of no racial discrimination was clearly erroneous.

In reaching this decision, we have not considered the juror information sheets, despite appellant's request that we do so. The Court of Criminal Appeals held that we may not consider the juror information sheets because they were not mentioned or offered into evidence by either side during the voir dire or at the subsequent *Batson* hearing. 838 S.W.2d at 556. Unlike our decision on original submission, we have considered the claim of disparate treatment of Ms. Clark, although it was raised on appeal for the first time and was not argued to the trial judge during the *Batson* hearing. In reversing our judgment, the Court of Criminal Appeals held that we should consider such a comparative analysis even though it is raised for the first time on appeal. *Id.*

Appellant's point of error is sustained.

The judgment is reversed, and the cause is remanded.